UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00220-R

**WILLIAMS WINCHESTER**                                                                           **PLAINTIFF**

**v.**

**CITY OF HOPKINSVILLE**                                                             **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Plaintiff moves to suppress his July 16, 2014 deposition. The motion is at Docket Number (DN) 12; Defendant's response in opposition is at DN 15, and Plaintiff's reply is at DN 16. The Court referred this case to the undersigned Magistrate Judge for ruling on all discovery motions. DN 6.

It is undisputed that Plaintiff timely exercised his right to request a review of the deposition transcript pursuant to Fed.R.Civ.P. 30(e) and that he has not waived objection to the manner of the reporter's completing, returning, and otherwise dealing with his deposition pursuant to Fed.R.Civ.P. 32(d)(4).

The reporter prepared a transcript with an unsigned certification dated July 23, 2014, stating that the transcript was "a true, correct and complete transcript of the deposition of William Winchester." DN 16-1, p. 7 of 7. The reporter then provided Defendant with a copy of the transcript -- prior to giving Plaintiff an opportunity to conduct his Rule 30(e) review and prior to sending a copy to Plaintiff. Plaintiff is presently in the process of completing his Rule 30(e) review.

Plaintiff moves to suppress his deposition due to the foregoing procedural irregularities and because the transcript allegedly is incomplete as it does not include the discussion among himself, the

reporter, and defense counsel – which no one denies occurred -- regarding Plaintiff's preference to conduct a Rule 30(3) review rather than purchase a copy.[1]

Plaintiff argues that he is prejudiced by these procedural irregularities, which render the transcript "presumably untrustworthy and unreliable." DN 12, p. 4 of 4.

The argument is unpersuasive because, as in *Hollis v. Sloan*, 2012 WL 5304756, *3 (E.D.Cal.):

> although plaintiff should have been provided with the required notification and opportunity to review the transcript prior to the reporter sending defense counsel a copy of the transcript, and before the transcript was designated "certified," plaintiff was subsequently accorded the opportunity to make corrections.

See also *Darwin v. Nicholson*, 221 Fed.Appx. 918, 2007 WL 1017362 (11th Cir.) ("[Plaintiff] has failed to show how [his] case was substantially harmed by the denial of an opportunity to review the [deposition] testimony. ... Indeed, [he] has not pointed to any testimony that was erroneous").[2]

In the absence of any showing of prejudice, there is no basis for suppressing Plaintiff's deposition. Therefore, Plaintiff's motion to suppress (DN 12) is hereby DENIED.[3]

---

[1] Defendant states that "[s]uch discussions with the court reporter are often left out of the transcript in local practice – particularly when they involve the reporter's own comments as the plaintiff alleges." DN 17-1, p. 2 of 4.

[2] Omission from the transcript of the concluding three-way conversation at issue in this case apparently was not erroneous because, although Rule 30(e) allows for allegations and changes of errors "in form or substance," "the Sixth Circuit is apparently the one court of appeals that permits a deponent to correct only typographic and transcription errors." *Mullins v. Cyranek*, 2014 WL 3573498 (S.D.Ohio) (internal quotations and citations omitted).

[3] Plaintiff is reminded that, prior to filing any further discovery motion, he is required by the terms of the District Judge's Scheduling Order to have a joint telephonic conference with the undersigned Magistrate Judge. DN 6, paragraph 4.