UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:13-CV-220-TBR

WILLIAM WINCHESTER                                                                                          PLAINTIFF

v.

CITY OF HOPKINSVILLE                                                                                     DEFENDANT

**OPINION AND ORDER**

This matter was referred to the Magistrate Judge by Senior Judge Thomas B. Russell. (DN 6). At issue is the defendant's motion to compel responses to requests for production (RFP). A response and reply have been filed, and the matter is ripe for adjudication. The motion to compel (DN 41) is HEREBY GRANTED.

The plaintiff brought an Age Discrimination and Employment Act (ADEA) claim against the City of Hopkinsville after an unsuccessful application to work as a Crime Scene Technician. (Complaint, DN 1). The plaintiff objected to RFP Nos. 1, 4, 5, 6, 7, and 8. His initial objections were grounded in relevance, ambiguity, and the burden of producing the information requested. (Plaintiff's Response, DN 31-1).

His response to the defendant's motion to compel additionally raises privilege as a basis for non-production. The defendant's reply concedes privilege may protect some of the documents at issue but argues its protections are narrower than the plaintiff's assertion. (Defendant's Reply, DN 52 at 1).

The court finds the requests relevant but that privilege likely applies to some of the documents at issue. However, the plaintiff has responded to the defendant's requests only with objections. The defendant is entitled to responses and as such the motion to compel (DN 41) is

GRANTED. With respect to RFP Nos. 1, 4, 5, and 6, over which the plaintiff now claims privilege, responses in compliance with Fed. R. Civ. P. 26(b)(5) may be submitted. Non-privileged documents responsive to these requests must be produced. Regarding RFP Nos. 7 and 8, the plaintiff must produce responsive documents in his possession or control; to the extent he has no such documents, he must respond with verified supplemental discovery responses or an affidavit under oath conveying as much.

## Relevancy

Fed. R. Civ. P. 26(b) sets the contours of the scope of discovery. Included is any "nonprivileged matter that is relevant to any party's claim or defense… [and] need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Determining 'the scope of discovery is within the sound discretion of the trial court.'" Ohio Graphco, Inc. v. RCA Capital Corp., 5:09CV00041-TBR, 2010 WL 411122, at *2 (W.D. Ky. Jan. 28, 2010) (citing Chrysler Corp. v. Fedders Corp., 643 F.2d 1229, 1240 (6th Cir.1981)).

While the plaintiff objects to the relevance of all RFPs addressed in this motion, the plaintiff's response brief specifically questions the relevance of RFP No. 4, requesting documents about the plaintiff's employment with a former employer (Brown Mackie College). The plaintiff argues the settlement privilege bars admission of these documents at trial, and the defendants have not met their burden to establish that the documents are "reasonably calculated" to lead to admissible evidence. (Plaintiff's Response, DN 49 at 3). The defendant replies that its discovery requests are designed to lead to evidence of the plaintiff's motive, statements regarding discrimination, his history of truthfulness, personal characteristics relevant to future

employability and damages, and truthfulness in employment interviews. (Defendant's Reply, DN 52 at 3).

The parties agree that as one element of a *prima facie* ADEA claim, a plaintiff must show "he was qualified for the position…." (Plaintiff's Motion for Partial Summary Judgement, DN 8-1 at 3; Defendant's Response to Motion for Partial Summary Judgement, DN 25 at 20). The parties also agree the position for which the plaintiff applied required "good moral character." (Complaint, DN 1 at 2; Defendant's Response to Motion for Partial Summary Judgement, DN 25 at 20-1). This showing, and the defendant's opportunity to dispute it, necessarily broadens relevance for discovery purposes.

The plaintiff contends the defendant has the burden of proving relevance, citing Grant, Konvalinka & Harrison, P.C. v. U.S., 1:07-CV-88, 2008 WL 4865566, at *3 (E.D. Tenn. Nov. 10, 2008). The affirming court's opinion is more nuanced than the plaintiff suggests. In any event, it is not analogous. In that case, discovery of settlement documents was barred not only to prove liability per Fed. R. Evid. 408, but also by statute. Id. at *2. Because the court concluded the requested documents would not be admissible for any purpose, the plaintiff's "bald assertion" was not enough to meet their burden of showing that the documents were reasonably calculated to lead to admissible evidence.

The present motion to compel differs in at least two material ways. First, some of the requested documents may not be covered by the settlement privilege, and thus admissible at trial even if not to prove liability. Second, the defendant has suggested plausible admissible evidence that may be included among the requested documents. While the relevance the defendant suggests is somewhat generic, as it must be without seeing the documents, it is more specific than any "bald assertion." While the admissibility of any evidence will be later

determined, this court finds the documents requested in RFP Nos. 1, 4, 5, 6, 7, and 8 relevant for the purposes of discovery.

### Privilege

The plaintiff has broadly asserted a "settlement privilege" covering RFP Nos. 1, 4, 5, and 6. He states the Sixth Circuit recognized such a settlement privilege in <u>Goodyear Tire & Rubber Company v. Chiles Power Supply, Inc.</u>, 332 F.3d 976 (6th Cir. 2003). As the defendants contend, this "implies a far more expansive ruling than the Goodyear panel announced… rather, by [the decision's] own language, it protects only 'communications made in furtherance of settlement.'" <u>Westlake Vinyls, Inc. v. Goodrich Corp.</u>, No. 5:03-CV-00240-R, 2007 WL 1959168, at *3 (W.D. Ky. June 29, 2007). The plaintiff recognizes this language but applies the protection <u>Goodyear</u> offers to RFP Nos. 1, 4, 5, and 6 in their entirety.

He has done so without explaining the substance of the withheld documents in compliance with Fed. R. Civ. P. 26(b)(5). To withhold information on privilege grounds, the plaintiff must:

(i)  expressly make the claim; and
(ii) Describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5). As he has not done so, the motion to compel with respect to these requests must be granted. Nonetheless, the court notes that the plaintiff's supplemental discovery responses may still claim privilege so long as this claim is made in compliance with 26(b)(5).

### Documents not in possession or control of Plaintiff

RFP Nos. 7 and 8 request documents related to the plaintiff's disbarment proceedings and communications with Mike Volpatti. The plaintiff initially objected based on the burden of complying with RFP No. 7 and the relevance of RFP No. 8. The plaintiff's response to the

current motion states the defendant possesses all responsive documents (through public record, not through discovery responses). This may be true. However, the defendant is entitled to responses to its discovery requests. Should the plaintiff not have any responsive documents in his possession or control, he should submit a verified supplemental discovery response or affidavit under oath to the defendants saying as much.

## Conclusion and Order

This court finds the documents in question relevant but potentially privileged. However, the plaintiff has not produced non-privileged responsive documents, properly asserted privilege, or properly denied possession or control of responsive documents. As such, the motion to compel (DN 41) is HEREBY GRANTED with the limitations set forth herein.

cc:     counsel
        pro se plaintiff