UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:13-CV-220-TBR

WILLIAM WINCHESTER                                                                                  PLAINTIFF

v.

CITY OF HOPKINSVILLE                                                                              DEFENDANT

**OPINION AND ORDER**

This matter was referred to Magistrate Judge Lanny King by Senior Judge Thomas B. Russell. (DN 6). The plaintiff brought an Age Discrimination and Employment Act (ADEA) claim against the City of Hopkinsville after an unsuccessful application to work as a Crime Scene Technician. (Complaint, DN 1).  The motion before the court is the plaintiff's motion to compel responses to interrogatories 14 through 20 and requests for admission (RFAs) 5, 6, 20, and 25. The motion to compel (DN 42) is HEREBY GRANTED IN PART and DENIED IN PART.

The plaintiff's interrogatories 14 through 20 seek additional information about Detective Charles Inman, the city employee who conducted the plaintiff's background check and employment interview. The motion contends Inman is a key witness, and the "plaintiff is entitled [to]… Inman's qualifications for the position he held with the Defendant, including his education and employment history; to information relating to Detective Inman's credibility, honesty, and character; to information relating to Detective Inman's service with the Defendant, etc." (Motion, DN 42 at 4). The defendant responds these interrogatories are irrelevant, not reasonably calculated to lead to admissible evidence, and unduly burdensome on the defendant. Because the

court finds these interrogatories within the scope of discovery but overly burdensome in some instances, the motion is granted in part and denied in part.

The plaintiff also seeks compelled responses to RFAs concerning: the employee hired as a Crime Scene Technician instead of Mr. Winchester, Hopkinsville's hiring process, and information shared with the related Equal Employment Opportunity Commission proceedings. The court ORDERS RFA 5 ADMITTED. The defendants' answers to RFAs 6 and 25 are sufficient, and the motion respecting these RFAs is DENIED. The answer to RFA 20 is insufficient. The defendants are ORDERED to answer in compliance with the Federal Rules.

## Standard

"The scope of discovery is within the sound discretion of the trial court." LaFountain v. Simasko, 38 F.3d 1216 (6th Cir. 1994). "Although a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted "to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." Surles ex rel. Johnson v. Greyhound Lines, Inc., 474 F.3d 288, 305 (6th Cir. 2007). "The purpose of requests for admissions is to determine if there are any facts not in dispute." Roach v. Hiland, 5:12CV-P169-R, 2014 WL 4293044, at *2 (W.D. Ky. Aug. 28, 2014).

## Interrogatories

Interrogatories 14 and 15 seek information about Detective Inman before his employment with the City of Hopkinsville. Specifically, Interrogatory 14 seeks Inman's full name, birthplace, and birthdate. Interrogatory 15 seeks his employment history, including dates and reasons for separation. The defendant responded with the plaintiff's full name and his dates of work and retirement from the defendant's employ, but objected to the burden and relevance of the remainder. The plaintiff maintains he has presented a *prima facie* ADEA claim, and as such the

burden shifts to the defendant to offer a non-discriminatory reason for the adverse employment action. He contends the reasons proffered are pretextual.

Detective Inman's employment history could be relevant to establish a pattern of discrimination, should one exist. A history of discrimination would help evidence pretext. Given the broad scope of relevance afforded the defendants in the contemporaneous order granting their motion to compel, the plaintiff should be given similar latitude. Further, the burden of responding to these interrogatories should be limited. The defendant's personnel files may contain the requested information, and to the extent they do not, the defendants may so state in their interrogatory responses. The motion to compel with respect to interrogatory 14 and 15 is granted.

Interrogatory 16 requests any documents relating to any disciplinary proceedings against Detective Inman by the City of Hopkinsville. The defendant contendu ksu answer to Interrogatory 8, requesting a list of all discrimination complaints or investigations against the City within the last 10 years, fairly answers Interrogatory 16. These two interrogatories differ, however, in the time span they encompass. Interrogatory 8 asks for investigations within the last 10 years, while Interrogatory 16 asks for all disciplinary proceedings. The plaintiff is entitled to responses relating to discrimination disciplinary proceedings at any time, not just within the last 10 years. Given the broad scope of relevance this court has taken to both parties' requests, the defendant must also respond with relevant disciplinary proceedings not based on discrimination. The court agrees with the plaintiff that information relating to Inman's credibility could be relevant and are within the scope of discovery.

However, given the generalized nature of the plaintiff's request and the speculative relevance (and existence) of any previous proceedings, the defendants need only respond with

the dates of the proceedings, the accusations, and the disposition. "All documents" relating to proceedings are an unnecessary burden to place on the defendants at this time. The motion to compel a response to Interrogatory 16 is granted only to the extent of dates, accusations, and disposition with respect to credibility or discrimination disciplinary proceedings against Detective Inman.

Some of the plaintiffs other requests would also place an excessive burden on the defendant given their limited and speculative relevance. Interrogatory 18 asks for reasons and dates for any of Detective Inman's suspensions, administrative leaves, or medical leaves. While suspensions might be relevant in attacking credibility, this court fails to see the relevance of any administrative or medical leave. The plaintiff has not suggested any. As such, the motion regarding interrogatory 18 is granted with respect to suspensions, but denied with respect to administrative or medical leave.

Interrogatory 17 seeks any complaints against Detective Inman. Interrogatory 19 seeks challenges during court, legal, or police proceedings to Detective Inman's honesty, credibility, or character. Other interrogatory responses, including interrogatory 16, should afford the plaintiff relevant information concerning complaints that resulted in disciplinary proceedings. These interrogatories should enable him to narrow his discovery requests should relevant information appear likely. These discovery requests are too broad to justify at this time, however. As the defendants point out, police officers like Detective Inman are frequently called into court proceedings wherein their credibility is in some way questioned. Without more specificity, these interrogatories could require the defendants to produce every cross-examination of Detective Inman during his twenty year career, most of which is likely irrelevant. That burden is too great for this court to impose. The motion to compel regarding interrogatories 17 and 19 is denied.

Interrogatory 20 requests the specifics of a conversation to which only Detective Inman and the plaintiff were parties. During the plaintiff's employment interview, Detective Inman allegedly expressed his disapproval of and desire for discipline for an attorney. The plaintiff would like Detective Inman's reasons. Detective Inman, however, is no longer employed by the defendants. The plaintiff has the detective's notes of the interview. As such, this court finds an interrogatory an inappropriate discovery vehicle to explore this topic. The motion to compel regarding interrogatory 20 is denied.

## Requests for Admission

The plaintiff's motion to compel also seeks responses to RFAs 5, 6, 20, and 25. The defendants claim they have received additional information and concede RFA 5 should be admitted.

The purpose of RFAs is not to resolve factual disputes, but to narrow them before trial. Accordingly, the rules allow qualifiers and partial denials. See FED. R. CIV. P. 36(a)(4). Largely duplicative with RFA 5, RFA 6 seeks an admission that the person hired instead of the plaintiff did not possess a college degree. The defendants offered a qualified admission, stating the hired employee was three classes short of her degree. This qualification is consistent with the rules. Likewise is the defendant's qualification of kυ answer to RFA 25. That RFA asks defendant to admit a specific explanation was given the EEOC for not hiring the plaintiff. Because the RFA contained allegedly inaccurate information, the defendant offered a qualified denial but otherwise admitted the request. While the defendant might have been able to phrase kυ response more clearly, the court has no issue understanding their response to RFA 25. The court need not order further clarification. The motion to compel regarding RFA 6 and 25 is denied.

RFA 20 asks for an admission that the hiring authority "followed" the recommendations of the interviewing detectives. The defendants find the word "followed" ambiguous, explaining in their response that while the hiring authority's decisions ultimately paralleled the recommendations, those decisions were not "followed" in the sense of adoption without review. The court finds the defendant's explanation in their response plausible. Nonetheless, the plaintiff is entitled to a response "stat[ing] in detail why [the defendants] cannot admit or deny." FED. R. CIV. P. 36(b)(4). The defendants' response merely objected for ambiguity and vagueness without other explanation. Accordingly, this court orders the defendants to respond with the detail required by the Federal Rules.

## Conclusion

For the foregoing reasons, the motion to compel (DN 42) is GRANTED IN PART and DENIED IN PART.  The motion is GRANTED with respect to Interrogatories 14, 15 and 16. Interrogatory 16 is granted with respect to any discrimination or credibility disciplinary proceedings but only to the extent of dates, accusations, and disposition. The motion regarding interrogatory 18 is GRANTED with respect to suspensions, but DENIED with respect to administrative or medical leave. The motion to compel regarding interrogatories 17, 19, and 20 is DENIED. Regarding requests for admissions, RFA 5 is ORDERED ADMITTED. The defendants are ORDERED to answer RFA 20 in compliance with Fed. R. Civ. P. 36(b)(4). The motion with regard to RFA 6 and 25 is DENIED.

cc:   counsel
      pro so plaintiff