**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:13-CV-00220-TBR**

WILLIAM WINCHESTER                                                                          Plaintiff,

v.

CITY OF HOPKINSVILLE                                                                        Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon the Motion to Bifurcate of Plaintiff William Winchester, proceeding *pro se*.  (Docket No. 9).  The Defendant, the City of Hopkinsville ("the City"), has responded, (Docket No. 22), and Winchester has replied, (Docket No. 30).  Fully briefed, this matter is ripe for adjudication.  For the reasons set forth below, the Court will DENY Winchester's Motion.

**Factual Background**

This action arises from Winchester's claim that the City violated the Age Discrimination and Employment Act ("ADEA"), the Kentucky Civil Rights Act, and the Fair Credit Reporting Act by rejecting his application for a Crime Scene Technician position with the Hopkinsville Police Department ("the Department").  Winchester alleges that he mailed his application for the job on November 12, 2012.  In early December, he received a series of emails from Kenneth Grabara, human resources officer, informing him that in-person assessments would be held on December 19, 2012.  On this date, Winchester participated in the assessment process, along with ten other applicants.  The group was told that they would be contacted in January 2013 regarding the position.

On January 21, 2013, Winchester requested an update from Grabara, who informed him that background checks were pending.  The next day, Winchester provided additional background information at the request of Detective Inman of the Department.  When Detective Inman invited Winchester to come

in to have fingerprints and photographs taken, Winchester learned that he was one of five remaining candidates.  At Winchester's appointment at the Department on February 5, 2013, he also underwent additional background questioning.  He claims that another detective informed Detective Inman that one of the candidates had been eliminated as a result of the criminal background check; Winchester assumed that he was then one of four remaining candidates.

On February 11, 2013, Grabara informed Winchester via email that he was no longer being considered for the position.  The next day, Winchester replied to Grabara and asked why he had been excluded from the process; Grabara replied, "We are considering candidates whose skills, experience and background are more suited for the City of Hopkinsville's Police Department."  (*See* Docket No. 1 at 5.) The same day, Winchester pressed Grabara for a more specific response; receiving none, he forwarded the e-mail to additional Department personnel on February 12, 2013.  Approximately two weeks later, he forwarded the email thread to Dan Kemp, Hopkinsville's mayor; Mayor Kemp sent a brief response noting simply that "other candidates were deemed more qualified for the position."  (*See* Docket No. 1 at 6.)  Winchester alleges that the Crime Scene Technician position was awarded to a twenty-two year-old individual with neither a science degree nor relevant work experience.

On May 18, 2013, Winchester submitted a Charge of Discrimination to the Equal Employment Opportunity Commission ("EEOC").  Winchester emailed Grabera, Kemp, and Guy Howie a demand letter on June 12, 2013, detailing his EEOC complaint and ADEA claim.  On June 26, 2013, a claim examiner from the City's insurance carrier informed Winchester that his claim had been denied and that neither the carrier nor the City wished to pursue settlement negotiations.  The EEOC issued Winchester a Right to Sue letter on October 29, 2013.

Winchester received the EEOC's charge file on December 18, 2013, as a result of a Freedom of Information Request that he submitted.  According to Winchester, the City informed the EEOC during its investigation that Winchester was eliminated from further consideration for the position due to

inconsistencies between information provided by Winchester and that obtained by Detective Inman during the background investigation process.   Winchester denies having made any false statements, contending instead that the City's investigation was flawed.  (Docket No. 1 at 7.)  He specifically alleges that the City obtained false information from his credit report.  He decries the fact that he had no opportunity to review or correct such information.

**Legal Standard**

In the instant Motion, Winchester asks the Court to bifurcate the issues of liability and damages. Federal Rule of Civil Procedure 42(b) provides that "for convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or] claims."  The movant bears the responsibility of convincing the Court to utilize its discretion to order separate trials. Courts adopt the practice "'where the evidence offered on two different issues will be wholly distinct, or where litigation of one issue may obviate the need to try another issue.'"  *Athridge v. Aetna Cas & Sur. Co.*, 604 F.3d 625, 635 (D.D.C. 2010) (quoting *Vichare v. AMBAC Inc.*, 106 F.3d 457, 466 (2d Cir. 1996)).  In determining whether separating the trials is the most appropriate course, the Court should consider "potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy."  *Brantley v. Safeco Ins. Comp. of Am.*, 2011 WL 6012554, at *1 (W.D. Ky. Dec. 1, 2011) (citations omitted).

**Analysis**

In his Motion to Bifurcate, Winchester anticipates that the City will attempt to raise issues concerning his "educational background, work experience, governmental licensing history, etc., regarding mitigation of damages."  (Docket No. 9 at 3.)  He argues that much of such information is irrelevant and does not affect the issue of liability.  Moreover, he contends that such information is prejudicial to him "by creating in the jurors' minds such issues as the stereotypical 'overqualified' job applicant, or questions as to why Plaintiff is not doing some other type of work more in line with one of Plaintiff's

college degrees, or questions as to why Plaintiff left one or more lines of work." (Docket No. 9 at 3.) He insists that such issues could generate confusion in the jurors' minds.

The Court does not share Winchester's concerns. The City's liability for Winchester's age discrimination claim hinges upon whether it rejected his application for legitimate reasons or, instead, due to his age. To set forth a *prima facie* case, he must establish that he was qualified for the position; his qualifications are, of course, essential to this consideration. Therefore, the Court cannot say that evidence pertinent to the two issues is wholly unrelated, as Winchester claims.

"The piecemeal trial of separate issues in a single suit or the repetitive trial of the same issue in severed claims is not to be the usual court. Thus, Rule 42(b) should be resorted to only in the exercise of informed discretion when the court believes that separation will achieve the purposes of the rule." Wright & Miller, *Federal Practice and Procedure* § 2238 (2d ed. 1995). The Court perceives no need to bifurcate the proceedings here, as no prejudice will be visited upon Winchester. Despite his concerns regarding unnecessary juror confusion, the Court is confident that he may cure any such obstacles by utilizing effective litigation strategies, including persuasive legal argument, rigorous cross-examination, and, if need be, a request for limiting instructions. Moreover, severing the issues would not serve the Court's goal of efficient judicial administration and convenience to the parties. These considerations convince the Court that separate trial of liability and damages is unwarranted here.

### Conclusion and Order

Therefore, for the reasons set forth above, IT IS HEREBY ORDERED that Winchester's Motion to Bifurcate, (Docket No. 9), is DENIED.