UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00220-TBR

WILLIAM WINCHESTER                                                                                                Plaintiff,

v.

CITY OF HOPKINSVILLE                                                                                           Defendant.

**MEMORANDUM OPINION AND ORDER**

  This matter comes before the Court upon Plaintiff William Winchester's Motion to Alter or Amend the Court's award of summary judgment in favor of the Defendant, the City of Hopkinsville. (Docket No. 65). The City has responded, (Docket No. 66), and the matter stands ripe for adjudication. For the reasons set forth below, the Court will DENY Winchester's motion.

**Legal Standard**

  As an initial matter, the Court notes that Winchester relies on both Federal Rules of Civil Procedure 52 and 59 in support of his motion. (Docket No. 65 at 1.) However, Rule 52 governs findings and conclusions "in an action tried on the facts without a jury or with an advisory jury." Fed. R. Civ. P. 52(a)(1). Because Winchester's Complaint was dismissed at the summary judgment phase, Rule 52 provides no basis for the relief he seeks.

  The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *see Whitehead v. Bowen*, 301 Fed. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.*, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (citation omitted). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id.* (citation omitted). As another

district in this circuit has noted, "Where a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but to appeal to the Sixth Circuit." *Hitachi Med. Sys. Am., Inc. v. Branch*, 2010 WL 2836788, at *1 (N.D. Ohio July 20, 2010) (citations omitted).

Accordingly, the Sixth Circuit instructs that a motion for reconsideration should only be granted on four grounds. "Under Rule 59, a court may alter or amend a judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). If a Rule 59(e) motion's purpose is to obtain a total reversal of the Court's judgment by offering essentially the same arguments presented in the original motion, the proper vehicle for relief is appeal. *Helton v. ACS Group*, 964 F. Supp. 1175, 1182 (W.D. Ky. 1997). Furthermore, given the interest in a decision's finality, this Court and others have held that "[s]uch motions are extraordinary and sparingly granted." *Marshall v. Johnson*, 2007 WL 1175046, at *2 (W.D. KY. Apr. 19, 2007) (citing *Plakson Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)).

## Analysis

Having reviewed the argument for reconsideration, the Court notes that Winchester has made no allegation of a change in the law governing this case, nor has he presented new evidence that would affect the Court's award of summary judgment to the City. Winchester's arguments are largely the same ones that he advanced unsuccessfully in his prior filings. Moreover, the Court is satisfied that its previous Order committed no clear errors of law. To the extent that explanation is warranted, the Court will address Winchester's arguments below.

Winchester complains that the Court improperly considered the affidavits of various City employees who stated that they never saw the contested four-page document. (Docket No. 65 at 1.) Winchester argues that these affidavits were wrongfully used to prove the truth of the matter asserted

rather than to demonstrate the employees' states of mind. But the affidavits were appropriate evidence of whether the City had admitted receiving the document at issue. The declarants' statements were founded upon their personal knowledge and would have been admissible at trial. Therefore, the Court properly relied upon them in the summary judgment context. *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

Winchester further notes that to make a *prima facie* case of age discrimination, he only had to prove his objective qualifications. He argues that personal integrity is a subjective qualification that may not be considered at the summary judgment stage. (Docket No. 65 at 3.) The Court stands by its assessment, which relied not only upon the statements of Inman and various City employees, but also upon official documents of the Tennessee Bar Association; Inman's own admission that he was untruthful; and documentation of the characteristics of other applicants, including one who surpassed Winchester in the hiring process despite being older than he was. Moreover, the Court explained that even had Winchester presented a *prima facie* case for his ADEA claim, the City satisfied its burden to demonstrate legitimate, nondiscriminatory reasons for not hiring him. (*See* Docket No. 60 at 24-30.) Whatever the merits of Winchester's argument as to his objective qualifications, the City's explanation justified summary judgment.

Finally, Winchester contends that the Court incorrectly dismissed his Fair Credit Reporting Act Claim. He argues that contrary to the Court's analysis, the FCRA does not require plaintiffs to prove that they were damaged by a violation. (Docket No. 65 at 3-4.) The Court notes that Winchester failed to raise this argument in his response to the City's motion for summary judgment, raising it for the first time in his Rule 59 motion. (*See* Docket No. 35.) Accordingly, his argument is improper. This error notwithstanding, the Court declines to grant Winchester's motion on its merits. The Court determines

3

that Winchester's claim does not justify punitive damages, which are available only at the Court's discretion. 15 U.S.C.A. §1861n(a)(2).

## **ORDER**

The Court having reviewed the parties' arguments and being otherwise sufficiently advised, IT IS ORDERED that Winchester's Motion to Alter Judgment, (Docket No. 65), is hereby DENIED.

cc: Counsel
    Plaintiff, *pro se*